UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X      Case No.
TAMIKA GONZALEZ,

                      Plaintiff,

                                                    **COMPLAINT**

     -against-

                                                    **PLAINTIFF**
FACES NEW YORK, INC.                              **DEMANDS A TRIAL**
                                                       **BY JURY**

                    Defendants.
------------------------------------------------------------------X

       Plaintiff, TAMIKA GONZALEZ by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff GONZALEZ brings this action charging that Defendants violated <u>Title VII of the Civil Rights Act of 1964,</u> as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-107, *et. seq.* and seeks damages to redress the injuries Plaintiff has suffered as a result of gender discrimination and retaliation.

## JURISDICTION

2. Jurisdiction of this action is conferred upon the court as this action involves a federal question under 42 U.S.C. § 2000-e *et. seq.*

3. The Court also has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343, and supplemental jurisdiction over Plaintiff's city law claims pursuant to § 1367.

4. Venue is proper in this district based upon the fact that a substantial part of the events giving rise to the claim occurred within the Southern District of New York.

1

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated April 25, 2016 with respect to the herein charges of discrimination. A copy of the Notices is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Right to Sue

## PARTIES

8. That at all times relevant hereto, Plaintiff TAMIKA GONZALEZ (hereinafter "GONZALEZ") is a resident of the State of New York, County of Bronx.

9. Plaintiff is a transgender woman.

10. Plaintiff's birth name is William Alva Campbell.

11. Plaintiff fully transitioned into a woman in the beginning of 2011.

12. Plaintiff's legal name became Tamika Alexis Campbell Gonzalez on June 30, 2015.

13. That at all times relevant hereto, Defendant FACES NEW YORK, INC. ("FACES") is a domestic not-for-profit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York.

14. Defendant FACES is a grant recipient of both state and federal funds.

15. Defendant FACES has 15 or more employees.

16. Defendant FACES has its principal place of business in the HARLEM area of Manhattan.

17. That at all times relevant hereto, Plaintiff GONZALEZ was an employee of Defendant FACES NEW YORK.

## MATERIAL FACTS

18. On or about December 2, 2013, Plaintiff began her employment with Defendant FACES NEW YORK as a resident monitor making $33,000 a year.

19. Plaintiff was hired by Shearon Joseph who was the Program Director for Defendant FACES.

20. When Plaintiff was hired, Plaintiff had fully transitioned into a woman and requested that her colleagues and supervisors call her Tamika. Although Plaintiff had fully transitioned into a woman Plaintiff had not yet legally changed her name to Tamika.

21. After Plaintiff requested to be called Tamika, Plaintiff began to face a discriminatory and hostile work environment.

22. By way of example, several employees and supervisors at Defendant FACES refused to call Plaintiff Tamika.

23. **<u>Nylin Pringle, Plaintiff's supervisor at the time, refused to call Plaintiff by her name Tamika. Instead, Ms. Pringle would call Tamika by her birth name of William. On or about December 2013, Ms. Pringle told Plaintiff, "I will never call you Tamika."</u>**

24. Ms. Taber, the Executive Director at Defendant FACES, knew that Ms. Pringle refused to call Plaintiff by her name. Moreover, Antonio Rodriguez, the Director of Defendant FACES, witnessed Ms. Pringle telling Plaintiff that she will never call her Tamika.

25. Ms. Taber and Mr. Rodriguez did nothing to ensure that Plaintiff was working in a non-hostile and discriminatory work environment.

26. On or about February 2015, Plaintiff was transferred to the 4:00 p.m. – 12:00 a.m. shift. Plaintiff's supervisor changed to Sherman Joseph Hoyt.

27. On June 30, 2015, Plaintiff legally changed her name from William Alva Campbell to Tamika Alexis Campbell Gonzalez. This legal name change was ordered by Honorable Michael L. Katz of the New York Civil Court.

28. On or about July 3, 2015, Plaintiff informed Donette Perry, an Executive Assistant at Defendant FACES NEW YORK, to change her name administratively to her new legal name. Plaintiff handed Donette Perry her documents with the official name change. Without giving a reason, Donette Perry refused to accept Plaintiff's paperwork. Plaintiff complained verbally to Supervisor Sherman Joseph Hoyt, about Donette Perry not changing her name in the system.

29. This was not the first time Plaintiff had asked that her name be changed in the directory to reflect her identify.

30. Even after Plaintiff notified Defendants of her legal name change, Plaintiff's pay stubs continued to be labelled as William Taber.

31. On or about July 16, 2015, Plaintiff's position changed to a "Housing Retentive Specialist".

32. On or about July 21, 2015, Julian Scott, sent Plaintiff a picture of his penis. Julian Scott was a supervisor at Defendant FACES although he was not Plaintiff's supervisor.

33. While Plaintiff was offended and humiliated by this graphic message, she did not feel comfortable complaining. Plaintiff had made complaints to her supervisors before and nothing was done.

34. **<u>On or about July 30, 2015, Mr. Dougley Lawes, a maintenance employee of Defendant FACES began yelling at Plaintiff, "Sir, Sir, Sir!. Mr. Lawes then proceeded to tap Plaintiff on her shoulder calling her "Sir". Plaintiff asked Mr. Lawes not to call her "Sir". Plaintiff told Mr. Lawes that her name is Tamika Campbell and that she identifies as a woman.</u>**

35. Mr. Lawes ignored Plaintiff and continued to call her "Sir".

36. On or about July 30, 2015, Plaintiff complained about the incident with Mr. Lawes to Shearon Joseph-Hoyte and Julian Scott, Mr. Laws' supervisor. **In her complaint she explained that this was not the first time Plaintiff had been called "Sir". Plaintiff informed them that Mr. Lawes would often see Plaintiff passing by and would refer to her as "Sir" and mock her.**

37. In Plaintiff's complaint to Shearon Joseph-Hoyte, Plaintiff asked that the situation be addressed. Upon information and belief nothing was done to remedy the situation and the sexual harassment and hostile work environment continued.

38. **On or about August 3, 2015, Mr. Lawes called Plaintiff a "batty boy".**

39. Plaintiff was upset, humiliated, and offended by this vulgar word.

40. That same day, Plaintiff emailed Sheraon Joseph-Hoyte to inform her that Mr. Lawes called Plaintiff a "Batty Boy" and that this was not the first time that Mr. Lawes called Plaintiff something other than her name.

41. Later that day on August 3, 2015, Sheraon Joseph apologized to Plaintiff and informed Plaintiff that she is certain that Mr. Scott will address the issue immediately.

42. On or about August 3, 2015, **Violet Taber called Plaintiff into her office to tell her that Mr. Lawes was just joking when he referred to Plaintiff as a batty boy. Ms. Taber told Plaintiff that it would be nice if Plaintiff could come into the office as William and shock everybody.**

43. Plaintiff was offended that Ms. Taber dismissed her complaint.

44. Plaintiff was subjected to a hostile and discriminatory work environment simply because she is transgender.

5

45. **For example, on or about August 24, 2015, Jocelyn, a coworker of Plaintiff's at Defendant FACES, entered the office and told Plaintiff, "I hate you, you bitch ass nigga." Plaintiff immediately left the office.**

46. **Upon information and belief, Jocelyn only discriminated against Plaintiff because she is transgender.**

47. **On or about August 25, 2015, Plaintiff was terminated from Defendant FACES in retaliation of her complaints. Plaintiff asked Defendant FACES for documentation stating that they fired her. Defendant FACES refused to provide Plaintiff with documentation of her termination.**

48. At all times relevant hereto, Plaintiff GONZALEZ was an exemplary employee.

49. Throughout her tenure with Defendants, Plaintiff always received compliments for her work performance and got along well with all of her co-workers.

50. Plaintiff GONZALEZ felt, and continues to feel, offended, disturbed, and humiliated by the blatantly unlawful and discriminatory acts of Defendants.

51. Plaintiff GONZALEZ has been unlawfully discriminated against, retaliated against, humiliated, and degraded, and as a result, suffers loss of rights and emotional distress.

52. Defendants' actions and conduct were intentional and intended to harm Plaintiff GONZALEZ.

53. As a result of Defendants' actions, Plaintiff GONZALEZ feels extremely degraded, victimized, embarrassed, and emotionally distressed.

54. As a result of the Defendants' discriminatory treatment of Plaintiff GONZALEZ, she has suffered severe emotional distress and physical ailments.

55. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income,

6

the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

56. As a result of the above, Plaintiff GONZALEZ has been damaged in an amount in excess of the jurisdiction of the Court.

57. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff GONZALEZ demands Punitive Damages as against all Defendants, jointly and severally.

### AS A FIRSTCAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

60. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of her sex.

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

### SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. The Administrative Code of City of New York § 8-107(1) provides that:

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

66. Defendants engaged in an unlawful discriminatory practice in violation of the Administrative Code of City of New York § 8-107(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because

8

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. The Administrative Code of City of New York § 8-107(1) provides that:

   It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

66. Defendants engaged in an unlawful discriminatory practice in violation of the Administrative Code of City of New York § 8-107(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because

8

of her gender.

## FOURTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## INJURY AND DAMAGES

70. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## JURY DEMAND

Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §1981 and The Administrative Code of City of New York, § 8-107 et seq., in that the Defendants discriminated against and harassed against Plaintiff, on the basis of her gender

9

(female) and retaliated against her;

B. Awarding damages to the Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       July 12, 2016

                                                      PHILLIPS & ASSOCIATES
                                                      ATTORNEYS AT LAW, PLLC

                                                      _____
                                                      Marjorie Mesidor
                                                      Brittany Stevens
                                                      45 Broadway, Suite 620
                                                      New York, NY 10006
                                                      (212) 248-7431
                                                      MMesidor@tpglaws.com
                                                      bstevens@tpglaws.com

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Tamika Gonzalez<br>1131 Ogden Avenue, Apt. 4-C<br>Bronx, NY 10452 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-00779 | Paul Young,<br>Investigator | (212) 336-3783 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_
Kevin J. Berry,
District Director

APR 25 2016
(Date Mailed)

Enclosures(s)

cc:  Attn
Director of Human Resources
FACES NEW YORK, INC.
123 West 115th Street
New York, NY 10026

Marjorie Mesidor, Esq.
PHILLIPS & ASSOCIATES
45 Broadway, Suite 620
New York, NY 10006

Enclosure with EEOC