```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 04/17/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMIKA GONZALEZ,

                  Plaintiff,

v.

FACES NEW YORK, INC.,

                  Defendant.

No. 16-CV-5533 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On November 23, 2016, Plaintiff's counsel filed a motion to withdraw pursuant to Local Civil Rule 1.4. Dkt. 13. On November 28, 2016, the Court ordered that any opposition to the motion be submitted by December 9, 2016. Dkt. 16. No opposition was submitted, and the Court granted the motion on December 12, 2016. Dkt. 18. In the December 12 order, Plaintiff was instructed to submit a letter to the Court no later than January 13, 2017 indicating whether she had retained new counsel or intended to proceed *pro se*. *Id.* Plaintiff's counsel served the December 12 order on Plaintiff on December 14, 2016. Dkt. 20.

      Plaintiff did not respond to the December 12 order, and no new counsel appeared in the action. On February 2, 2017, the Court issued an order advising Plaintiff that she was "under no obligation to retain counsel," but was required to "comply with the Court's orders and diligently prosecute this lawsuit." Dkt. 21. The order warned that "[i]f Plaintiff does not file a letter by February 17, 2017 indicating that she plans to pursue this litigation, the action may be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* The Court mailed a copy of the February 2 order to the address that Plaintiff's counsel had provided for Plaintiff: 1131 Ogden Avenue, Apt. 4C, Bronx, NY 10452. There was no response.

On March 5, 2017, Defendant filed a letter-motion seeking to dismiss the case pursuant to Rule 41(b). Dkt. 24. The Court endorsed the letter the next day, ordering Plaintiff to "respond no later than March 20, 2017." Dkt. 25. The endorsement warned that if Plaintiff failed to respond by that date, the case would be dismissed. *Id.* The Court mailed the endorsed letter to Plaintiff at 1131 Ogden Avenue, Apt. 4C, Bronx, NY 10452. Again, there was no response.

"If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss a case pursuant to Rule 41(b), a court is required to consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No one factor is dispositive . . . ." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The case will be dismissed for failure to prosecute. Plaintiff has failed to comply with the Court's December 12 order for approximately three months. Although three months does not necessarily constitute a "significant duration," *Kent v. Scamardella*, No. 07-CV-844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (quoting *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998)), Plaintiff's failure to respond to the Court's December 12, February 2, and March 6 orders "has functioned as a complete block to moving this litigation forward," *id.* Furthermore, Plaintiff was on notice from the Court's February 2 order that her failure to comply could result in dismissal, and was on notice from the Court's March 6 order that her failure to comply *would* result in dismissal. *See* Dkt. 21 ("If Plaintiff does not file a letter by February 17, 2017 indicating that she

2

plans to pursue this litigation, the action may be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."); Dkt. 25 ("If [Plaintiff] does not respond by [March 20, 2017], the case *will be* dismissed." (emphasis added)).

The Court nevertheless finds that dismissal *without prejudice* is appropriate. There is no indication that the delay in this case has "caused any particular, or specially burdensome, prejudice to defendant[ ] beyond the delay itself." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). Moreover, the delay has imposed no extraordinary burden on the Court.

In light of these factors and Plaintiff's *pro se* status, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. County of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). The Court thus grants Defendant's motion, but dismisses the action without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 24 and close the case.

SO ORDERED.

Dated: April 17, 2017
New York, New York

Ronnie Abrams
United States District Judge